**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5222**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

TRAMEL DESHAN REDDICK,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00344-JAB-1)

Submitted:  September 19, 2011        Decided:  October 3, 2011

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated in part and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tramel Deshan Reddick appeals his 180-month sentence imposed following his guilty plea to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) (2006).

Reddick's sole claim on appeal is that a prior state drug conviction should not have been counted by the district court as a felony for purposes of 21 U.S.C. § 841(b)(1)(B) because the maximum sentence he could have received was less than twelve months. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (setting out minimum and maximum sentences applicable under North Carolina's "structured sentencing" regime). We affirm in part, vacate in part, and remand for resentencing.

When Reddick raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Although we affirm Reddick's conviction, we grant the parties' motion to vacate his sentence in light of Simmons, and remand to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the

2

materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART AND REMANDED